PER CURIAM.
This appeal challenges the trial court’s failure to enforce a property settlement agreement entered into in anticipation of divorce. We conclude that the trial court erred and, accordingly, we reverse in part and affirm in part.
Mr. and Mrs. Greenberg were married in 1948; they separated in 1974. Two years later, in 1976, they entered into a separation agreement dividing their property. The wife filed for divorce in 1979 and subsequently amended her complaint to invalidate the property settlement agreement. After a final hearing, the trial court entered a final judgment of dissolution which acknowledged the existence of the separation agreement and, without invalidating it, proceeded to equitably distribute the parties’ property, granting the wife lump sum and periodic alimony payments plus attorney’s fees. The husband appeals.
To modify or set aside a property settlement agreement, the party seeking such modification must allege and prove fraud, duress, deceit, coercion, or overreaching by the other party. Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA), petition for rehearing denied, 402 So.2d 607 (Fla.1981). As indicated, the trial court made no such finding. Nonetheless, we have independently reviewed the record and note an absence of substantial competent evidence to support such a conclusion. Consequently, we reverse the final judgment of dissolution and remand with instructions to enforce the terms of the property settlement agreement previously agreed to by the parties.
The husband also contests the trial court’s award of attorney’s fees to the wife. We find this point to be without merit in light of the Supreme Court’s opinion in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
AFFIRMED IN PART, REVERSED IN PART and REMANDED with instructions.
LETTS, C.J., and HURLEY and HERSEY, JJ., concur.